IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) |
|       Plaintiff, | ) |
|   -vs- | ) |
| | )   Civil Action No. 05-569 |
| | ) |
| MR. and MRS K., T.K., et al., | ) |
| | ) |
| | ) |
|       Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
## and
# ORDER OF COURT

### SYNOPSIS

Plaintiff insurance company seeks an entry of summary judgment in its favor declaring that it has neither a duty to defend nor a duty to indemnify homeowner policy holders who are being sued in connection with the alleged sexual harassment of a child by their son. Because the policy contains a sexual harassment exclusion and because the injuries at issue stem from the alleged sexual harassment there is no duty to defend or indemnify.

1

## OPINION

Defendants Mr. and Mrs. K[1] have a homeowners' insurance policy ("the Policy") with Plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide").  Mr. and Mrs. K and their minor child T.K. ("the K family") have requested that Nationwide provide them with a defense and indemnity with respect to an action filed against them by Mr. and Mrs. R and their minor child K.R. ("the R family").  In that underlying Complaint, the R family alleges that numerous classmates, including T.K., sexually harassed K.R. and that, as a consequence, the R family suffered mental, emotional and financial harm.  Both K.R. and her parents allege that T.K. was negligent in failing to stop sexually harassing her and that Mr. and Mrs. K were negligent in failing to appropriately train T.K. not to harass peers.

Nationwide agreed to provide a defense with regard to these allegations, pursuant to a reservation of rights.  The pending litigation stems from that reservation of rights - Nationwide seeks a declaration that it has no duty to defend or provide coverage. Pending is Nationwide's Motion for Summary Judgment.[2]  While Nationwide offers several arguments in support of the entry of judgment in its favor, I need only focus on one.  As Nationwide represents, the Policy contains a sexual harassment exclusion. Nationwide argues that all of the injuries complained

---

[1] Nationwide has named as Defendants everyone named as a party in the sexual harassment suit filed by the minor child and her parents.  Yet, as the Policy at issue involves only Nationwide and Mr. and Mrs. K, the Opinion will be limited to a discussion of their relative rights under the Policy.

[2] Mr. and Mrs. K did not respond to Nationwide's Complaint, nor have they responded to Nationwide's request for the entry of summary judgment in its favor.

of by the R family stem from the alleged sexual harassment and, as such, coverage should be denied.

After careful consideration, and for the reasons set forth below, I agree with Nationwide that the sexual harassment exclusion applies to the claims set forth in the underlying Complaint. Consequently, the Policy at issue does not obligate Nationwide to defend or indemnify the K family in conjunction with the sexual harassment suit.

## STANDARD OF REVIEW

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a

reasonable jury could not return a verdict for the nonmoving party. <u>Anderson</u>, 477 U.S. at 248.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. <u>Celotex</u>, 477 U.S. at 322.  Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. <u>Id</u>. at 324.

## **ANALYSIS**

According to the Policy language, Nationwide agrees to pay for any "bodily injury" which results from an accident. <u>See</u> Docket No. 48-2, p. G1.  The Policy defines "bodily injury" as:

> bodily harm, including resulting care, sickness or disease, loss of services or death.  Bodily injury does not include emotional distress, mental anguish, humiliation, mental distress or injury, or any similar injury unless the direct result of bodily harm.

<u>Id</u>.  The Policy further excludes from the definition of "bodily injury" any injury:

> I. resulting from acts or omissions relating **directly or indirectly** to sexual molestation, physical or mental abuse, **harassment, including sexual harassment**, whether actual, alleged or threatened.

<u>Id</u>., p. H3 (emphasis added).

The question before me then is whether the sexual harassment exclusion applies to the claims raised by the R family.  After careful consideration, I find that

it does.  The exclusion focuses upon the nature of the injuries suffered - not upon the theory of liability being pursued.  Here, all the injuries suffered by K.R. and her parents resulted, either directly or indirectly, from the sexual harassment.  Indeed, the sexual harassment is the motivating factor for the claims.  But for T.K.'s alleged harassment of K.R., the R family would not be pursuing any claims against the K family.  In short, the Policy unambiguously bars coverage for injuries arising directly or indirectly out of sexual harassment.  There is no question that the injuries alleged here, even presuming that they would otherwise qualify as "bodily injuries," arose out of the alleged sexual harassment.  <u>See</u> <u>Allstate Insurance Co. v. Bates</u>, 185 F. Supp.2d 607 (E.D. N.C. 2000) (finding that an insurance company did not have a duty to defend or indemnify the wife of an alleged molester, where the wife had been sued under the theory of negligent failure to protect a minor child and where the policy at issue contained a sexual molestation exclusion); <u>American Commerce Ins. Co. v. Porto</u>, 811 A.2d 1185 (S.Ct. R.I. 2002) (finding no duty to defend or indemnify a policyholder against claims of negligent hiring and supervising an adult who molested minor where the policy excluded coverage for a bodily injury claim that "arises out of ... the actual, alleged or threatened molestation of a person."); <u>West American Insurance Co. v. Embry</u>, No. 4-47, 2005 WL 1026185 (W.D. Ky. April 25, 2005) (holding that a sexual molestation exclusion negated the insurer's duty to defend and indemnify a homeowner who was sued for the negligent supervision of an adult son, who molested a minor who lived with the homeowner, finding that the claims arose from the sexual molestation); <u>Hingham Mutual Fire Ins. Co. v. Frost</u>, 20 Mass. L...

5

Rptr. 9, 2005 WL 2527068 (Mass. Super. Aug. 31, 2005) (finding that because "[i]t is the source from which the plaintiff's personal injury originates rather than the specific *theories of liability* alleged in the complaint which determines the insurer's duty to defend," and because the claims of negligence, loss of consortium and intentional infliction of emotional distress would not have arisen absent the sexual molestation of the children, the sexual molestation exclusion in the insurance policy barred coverage) (emphasis in original and citation omitted); Meridian Mutual Ins. Co. v. Bidle, 1997 U.S. Dist. LEXIS 7043 (W.D. Mich. 1997) (holding that a sexual molestation exclusion applied to the parents of the minor perpetrator who were sued under theories of negligence and *respondeat superior*); Ristine v. Hartford Ins. Co., 195 Or. App. 226, 97 P.3d 1206 (2004) (holding that an exclusion in a homeowners' policy for bodily injuries arising out of molestation applied to negligence claims against the wife of the molester); Electric Insurance v. Castrovinci, Civ. No. 3-1706, 2003 WL 23109149 (D. Conn. Dec. 10, 2003) (concluding that claims of negligent supervision and recklessness asserted against parents of molester fell within the exclusion for claims arising out of sexual molestation); and New London v. Riddick, 38 Conn. L. Rptr. 7, 2004 WL 2284207 (2004) (ruling that because the claims against the parent were causally connected to the alleged sexual molestation, the sexual molestation exclusion applied and the insurer did not have a duty to defend or indemnify the parent in the underlying action).

In so holding, I recognize that the Eight Circuit Court of Appeals reached a different conclusion in St. Paul Fire & Marine Insurance Co. v. Schrum, 149 F.3d 878

(8tgh Cir. 1998).  In <u>Schrum</u>, two children were allegedly molested by a third party while the children were in the Schrum home.  The children and their parents sued the Shrums, alleging that the Schrums negligently supervised the children and that the alleged negligence was the proximate cause of the children's harm.  The Schrums' insurance company filed a declaratory judgment action seeking a ruling that the sexual molestation exclusion set forth in the Schrums' insurance policy precluded coverage.  The district court agreed with the insurance company.  <u>Schrum</u>, 149 F.3d at 879-880.  The Eight Circuit Court of Appeals reversed.  In holding that the exclusion did not apply, the Court focused upon the conduct attributed to the various tortfeasors.  The court concluded that the third party's alleged acts of molestation were merely "incidental" to the children's claims against the Schrums.

I disagree and explicitly reject the Eighth Circuit Court's conclusion.  I think that the Eighth Circuit Court wrongly focused upon the various tortfeasors' actions rather than the language of the policy.  The language of the policy, which is almost identical to the one at issue here, explicitly tied the sexual molestation exclusion to the nature of the injury.  The alleged acts of sexual harassment here are not merely "incidental" to the harm inflicted upon K.R. and her parents.  Without the harassment, there would be no injury and thus no basis for the negligence claims.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | |
| -vs- | ) | Civil Action No.  05-569 |
| MR. and MRS K., T.K., et al., | ) ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **13**[th] day of December, 2005, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Plaintiff's Motion for Summary Judgment (Docket No. 46) is  GRANTED.  Nationwide has no duty to defend or indemnify any members of the K family with respect to the claims asserted against them in the underlying sexual harassment suit.

It is further ORDERED that Plaintiff's Motion for Argument of Motion for Summary Judgment (Docket No. 52) is  DENIED as moot.  Judgment is entered in favor of Plaintiff and against Defendants.

BY THE COURT:


/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

8